BIEGER ET AL., APPELLEES, *v.* VILLAGE OF MORELAND HILLS, APPELLANT.

[Cite as Bieger v. Village of Moreland Hills, 3 Ohio App. 2d 32.]

(No. 27301—Decided July 15, 1965.)

*Mr. Stanley G. Webster* and *Mr. Donald K. Barclay,* for appellees.

*Mr. Albert M. Heavilin,* village solicitor, *Messrs. Squire, Sanders & Dempsey* and *Mr. George I. Meisel,* for appellant.

SKEEL, J. This appeal comes to this court from a judgment entered for the appellees by the Court of Common Pleas of Cuyahoga County. The action in the Court of Common Pleas was an appeal from an order or resolution of the Council of the village of Moreland Hills, refusing to affirm an order of the board of zoning appeals, granting appellees' application for an

exception to the zoning ordinance of the village as requested by the appellees to build town houses on their property located at the southwest corner of Chagrin Boulevard and SOM Center Road in the village. The greater part of the property involved is zoned for single family use with a minimum lot size of two acres for each dwelling. Some part of the frontage (three hundred feet) on both highways was zoned for commercial use.

The record shows that there were extended hearings before the board of zoning appeals which brought upon the record the situation of the appellees' property and the restrictions of the zoning ordinance, together with other building restrictions applicable thereto. The appellees now own a little more than seven acres at the southwest corner of such intersection. The property is bounded on the west by the property of the Orange Township School Board; on the south by the summer camping property of the Hiram House; on the east by SOM Center Road; and on the north by Chagrin Boulevard. The highway frontage, however, is interrupted both on Chagrin Road and SOM Center Road by a gasoline station which is at the intersection of such roads. The gasoline station has a frontage of about 175 feet on SOM Center Road and about 135 feet on Chagrin Boulevard. All four corners of this intersection are zoned for commercial use for a distance of 300 feet from the center of the intersection for a depth of 150 feet from the center of such highways, or 120 feet from the property line. About one-half of the highway frontage of appellees' property is, therefore, zoned for commercial purposes. By the building code of the village, lots for a single family dwelling must be at least two acres. It is also established that the southerly part of the property dips down sharply toward a ravine where the Hiram House Camp is located. There is a gasoline station on the southeast corner of this intersection opposite the gasoline station which is in front of appellees' property. There is also a gasoline station on the northwest corner, with a bar and restaurant to the west with a large parking lot between these commercial facilities. These two commercial establishments, together, extend as far west as that part of appellees' property which is zoned for commercial use on Chagrin Boulevard.

The village zoning ordinance, passed in 1938, created three classification uses—a dwelling house district, a retail business

district and "other uses." Section 12 of this ordinance provides that its provisions shall be enforced and administered by the building inspector of the village who, upon application therefor, shall issue a building permit only in the event the proposed building complies with zoning and building code requirements.

Section 15 provides that the city planning commission (meaning, of course, the village planning commission) is established and is constituted a board of appeals to which any person deeming himself adversely affected by a decision of the "Inspector of Buildings" in enforcing the provisions of the zoning ordinance may appeal. Procedure for appeal is set out in this section.

Section 16 provides that the board of appeals may, in specific cases, after public notice and hearing, vary the application of the use-district regulations established in the zoning ordinance in harmony with its general intent and purpose:
"* * *

"(b) By permitting in any use district any use in general keeping with the uses authorized in such district.
"* * *

"(d) By permitting the location of any lawful use not specifically provided for under this ordinance in any use district provided such location will not seriously injure the appropriate use of neighboring property or be detrimental to the welfare of the community."

It is then provided that:

"Any decision of said board of appeals may be affirmed, reversed, modified or made subject to appropriate conditions by the council, but no decision in any such regard, other than affirmance, shall be effective except upon the concurrence of a number equal to, or in excess of, two-thirds of the members elected to the council at a regular meeting thereof or at a special meeting duly held after reasonable notice to all interested parties. The vote in any such case shall be by yeas and nays duly entered on the journal of the council. Public notice, as used in this section, shall mean notice published in a newspaper of general circulation in the community for at least one week.
"* * * *"

As indicated, the appellees, after their application for a building permit to build multiple dwellings (71 town houses)

as per plans exhibited with the application and refused by the inspector of buildings, appealed to the board of appeals, where, after extended hearings, the board entered the following resolution and reported it to the village council recommending that the permit be granted:

"5/6/64 *Board of Zoning Appeals*. A motion was made by Mr. Dalton, seconded by Mr. Bicknell, that the board of zoning appeals recommends to council that the request of Mr. and Mrs. Anthony Bieger to have a use district exception for their property situated at the southwest corner of Route 91 and Route 422, comprising approximately seven and one-half acres, in order that they be permitted to erect approximately seventy-one multi-family units, commonly designated as 'Town Houses' all in accordance with plot plan and drawings presented and identified as 'Exhibits C-1 through C-13' on said parcel be granted. Said board action is taken pursuant to and by authority of Section 16, Subsection D of Ordinance No. 1938-31, the Zoning Ordinance of the village of Moreland Hills, Ohio, and the zone map made a part therefore and is based upon the following finds [*sic*] of fact, to-wit:

"1. That the approximate seven and one-half acres of land of the applicant is an isolated parcel bounded on four sides as follows: On the south by Hiram House; on the west by the Orange Board of Education; on the north by Route 422 and on the east by Route 91.

"2. That said four corners of the intersection of Route 91 and Route 422 are presently zoned commercial for a distance of 300 feet and a depth of 150 feet; that on the northeast corner [should be northwest corner], there is a gasoline station and restaurant and bar; on the southwest corner is a gasoline station; that on the southeast corner is a gasoline station, with the northeast corner presently vacant.

"3. That due to the commercial establishments and the isolated location of the parcel, it is unsuitable for residential development.

"4. That the property of the applicant is presently in two zoning use districts, that is, commercial and residential.

"5. That the proposed usage of said parcel for a type of residential use will not injure the appropriate use of property or be detrimental to the welfare of the community."

The mayor presented this resolution to the council where, as the proceedings before the council show, none of the evidence presented before the board was reviewed although the mayor had attended all the meetings and one or more of the councilmen had attended some of the meetings of the board during the presentation of the appeal before that agency. Upon final vote of the council, the proposal for a use exception as to the appellees' property, as recommended by the board of zoning appeals, was defeated by a vote of five to one.

An appeal under the authority of Chapter 2506, Revised Code, to the Court of Common Pleas was instituted, where the action of the municipal council was reversed, the court holding by its journal entry:

"The court orders that the use district exception prayed for by the appellants, and recommended by the board of zoning appeals be and the same is hereby granted. The building inspector of the village is, therefore, ordered forthwith to grant a building permit to such persons or company as shall apply for the same for the erection of multi-family units upon the premises of appellants located at the southwest corner of Chagrin Boulevard and S. O. M. Center Road in the village of Moreland Hills."

The appellant claims the following errors:

"I. Reasonable minds could differ upon evidence which was before the Moreland Hills' Board of Zoning Appeals and Village Council and, therefore, council's decision should have been affirmed.

"II. Contrary to the Common Pleas Judge's conclusion, council's decision was not perfunctory.

"III. The test in determining the validity of the municipal actions on zoning matters under the administrative appeal act is whether there was evidence such that reasonable minds could arrive at the decision rendered.

"IV. Mere diminution of market value is not sufficient to entitle a landowner to a variance."

The right to appeal the final determination of appellees' application for an exception as to the use of their property is challenged in a brief filed *amicus curiae* for the reason that the action of the village council was in the exercise of its legislative powers. This claim is not well taken. A fair interpretation

of the zoning ordinance is that in dealing with applications for an exception to the provisions of such ordinance, an administrative board is set up to alleviate hardships. This is a necessary part of every zoning ordinance to prevent its constitutionality from being challenged in cases where, because of peculiar circumstances not applicable generally to the property in a particular district, the strict enforcement of the ordinance would result in taking such property without due process. See *McCloud* v. *Woodmansee, Bldg. Commr.*, 165 Ohio St. 271, and *State, ex rel. Killeen Realty Co.*, v. *City of East Cleveland*, 169 Ohio St. 375. That the action of the council in overruling the recommendation of the board of zoning appeals was not legislative in character is clearly evident by a proper interpretation of the provisions of the zoning ordinance. It makes the council the final administrative agency to pass upon, by appeal, the decision of the board of zoning appeals on an application for an exception to the zoning ordinance. If this were not so, then the right to appeal from an order overruling the recommendations of the board of zoning appeals would be completely cut off. The action of the council, as disclosed by the record, in considering the question to be determined by the resolution presented seeking to conform the action of the board of zoning appeals, by the authority it had vested upon itself in the zoning ordinance, was to act in an administrative or quasi-judicial capacity in an appeal from the order of the board of zoning appeals.

The only record brought before this court dealing with the claim of the appellees, that as to their property the enforcement of the village zoning ordinance creates an absolute hardship and that they are entitled as a matter of law to an exception, is the evidence taken before the board of zoning appeals. This evidence is not in dispute as to the situation surrounding such property. The council did not hear any additional evidence or review the evidence heard by the board as a part of its appellate procedure.

At least a third of such property is behind an operating gasoline station. On two of the remaining corners, there are gasoline stations in full operation, with a bar and restaurant and large parking lot to the west of the station on the northwest corner.

The provision that a single family dwelling house cannot

38

be built because the lot contains two or more acres (and in some districts five acres) would restrict the use of appellees' property to not more than three building lots. There is no credible evidence that such a division could be made with reasonable access to each lot, keeping in mind that at least one-third of the property is behind a gasoline station. The trial court found that there was no credible evidence that the use of appellees' property, as recommended by the board of zoning appeals, would, in any way, be detrimental to surrounding property. This conclusion is clearly supported by the record.

The claims of error of the village are directed primarily to the weight of the evidence. We find, upon a consideration of the record, that the judgment of the trial court should be affirmed for the reasons above stated.

*Judgment affirmed.*

SILBERT, C. J., and CORRIGAN, J., concur.