CITY OF CLEVELAND, Appellee,

v.

SUN OIL CO., Appellant.

[Cite as *Cleveland v. Sun Oil Co.* (1989), 62 Ohio App.3d 732.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55317.

Decided May 8, 1989.

*Marilyn G. Zack*, Law Director, and *Richard M. Riccardi*, for appellee.
*Joseph A. Dubyak*, for appellant.

DYKE, Presiding Judge.

In 1978 the Cleveland Board of Zoning Appeals permitted appellant, Sun Oil Company, to construct a new building and pump island but conditioned the permit by providing that appellant was not allowed to operate the service station between the hours of midnight and 6:00 a.m. In 1985, appellant decided to cease selling automotive services and products and to open a mini-mart operation on the premises. Appellant applied for a permit to raze the service station facility, to install a new underground tank, and to erect a 40′ by 12′ one-story masonry and steel mini-mart and non-service type station building. The Commissioner of Buildings denied the permit on the basis that the new construction was contrary to retail limitations set forth in the city of Cleveland Codified Ordinances Sections 343.01, 359.01 and 343.13(b).

Appellant appealed to the Cleveland Board of Zoning Appeals, which reversed the decision of the Commissioner of Buildings and approved the issuance of a permit for the requested construction. The board of zoning appeals did not place any condition upon the appellant's hours of operation. In January 1987, the appellant began operating the gasoline and mini-mart station on a twenty-four-hour-a-day basis.

On February 25, 1987, appellant was served with a Notice of Violation of Building Ordinances by the city of Cleveland for operating between the hours of midnight and 6:00 a.m. Appellant appealed to the board of zoning appeals, which denied the appeal.

In August 1987, in the Housing Division of the Cleveland Municipal Court, the city of Cleveland filed a complaint for injunctive and other relief, seeking a temporary restraining order prohibiting appellant from operating between the hours of midnight and 6:00 a.m.

On August 19, 1987, the Housing Division of Municipal Court granted the city's request for a restraining order. The court subsequently denied appellant's motion to dismiss and to suspend the temporary restraining order. On

January 29, 1988, trial was had and the temporary injunction was made permanent.

## I

"The housing court does not have jurisdiction over the subject matter of this controversy, and therefore does not have the authority to issue any form of injunctive relief."

■ Appellant contends that the Housing Division of the Cleveland Municipal Court did not have subject matter jurisdiction over the present case and, therefore, did not have the power to issue injunctive relief to prevent an alleged violation of a variance from a zoning ordinance.

R.C. 1901.181 vests Cleveland's housing court with its jurisdiction. R.C. 1901.181 provides the housing court with exclusive jurisdiction "in any civil action commenced pursuant to Chapter 1923. or 5321. * * *" Chapter 1923 governs actions in forcible entry and detainer. Chapter 5321 codifies the Landlord and Tenants Act of 1974. R.C. 1901.181 states in part:

"(A) Subject to section 1901.17 of the Revised Code, if a municipal court has a housing division, the housing division has exclusive jurisdiction in any civil action to enforce any local *building, housing, air pollution, sanitation, health, fire, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation.* * * *" (Emphasis added.)

Appellant essentially argues that the housing court was established to cure dissatisfactions with the handling of serious housing problems and that it was not intended to deal with the present matter which is a non-housing-related dispute.

Appellee argues that pursuant to R.C. 1901.18(B)(4), the housing court possesses the jurisdiction in an injunctive action to prevent a violation of the city's ordinances and regulations.[1] Appellee contends that when an administrative body, in this case the board of zoning appeals, grants and conditions

---

1. R.C. 1901.18(B)(4) states:
 "(B) The municipal court of Cleveland also shall have jurisdiction within its territory in all of the following actions and to perform all of the following functions:
 "(4) * * * In all actions for injunction to prevent or terminate violations of the *ordinances and regulations* of the city of Cleveland enacted or promulgated under the police power of the city of Cleveland, pursuant to Section 3 of Article XVIII, Ohio Constitution, over which the court of common pleas has or may have jurisdiction, and in such case the court may proceed to render such judgments and make such findings and orders in the same manner and to the same extent as in like cases in the court of common pleas." (Emphasis added.)

use variances, it merely executes the existing zoning ordinance, thus falling within the purview of R.C. 1901.18(B)(4).

R.C. 1901.181 by its own terms does not apply to a zoning code, ordinance, or regulation violation. The housing court was established to resolve housing-related disputes and uniform enforcement of housing laws throughout the city. Furthermore, R.C. 1901.18(B)(4), which states that the municipal court shall have jurisdiction within its territory with respect to "all actions for injunctions to prevent or terminate violations of the *ordinances and regulations* of the city of Cleveland," is inapplicable because the board of zoning appeals acts in an administrative and quasi-judicial capacity and as such its actions amount to neither an ordinance nor a regulation. See *Bieger v. Moreland Hills* (1965), 3 Ohio App.2d 32, 32 O.O.2d 106, 209 N.E.2d 218. The board's actions amounted to an administrative decision affecting only appellant Sun Oil Company.

We therefore find that the housing court lacked subject matter jurisdiction over the present action and was without authority to issue the injunction at issue.

Appellant's first assignment of error is well-taken.

## II

"The board of zoning appeals had no authority to place restrictions upon the hours of operation of the defendant's service station in 1978.

"The 1985 variance grant by the board of zoning appeals superseded the 1978 variance grant of the board.

"Res judicata does not bar the removal of restrictions previously imposed by variance when there is a proper showing of changed circumstances."

Appellant's second, third and fourth assignments of error attack the 1987 decision of the board of zoning appeals in which the "hours of operation" issue was addressed and decided. The appellant never appealed, pursuant to R.C. Chapter 2506, the 1987 decision by the board of zoning appeals.[2]

2. *Bieger v. Moreland Hills* (1965), 3 Ohio App.2d 32, 32 O.O.2d 106, 209 N.E.2d 218, in its syllabus provides that a decision by a board of zoning appeals is directly appealable to the court of common pleas:

"Where, by the zoning ordinance of a village, a board of zoning appeals is created to hear appeals from the action of the inspector of buildings, acting under the authority of the zoning ordinance, and by the provision of such ordinance the village council is made an appellate body to review the orders of the board of zoning appeals, the council, in reviewing an order appealed to it from an order of the board of zoning appeals, acts in an administrative and quasi-judicial capacity and its order in such case is appealable to the Court of Common Pleas under the provisions of Chapter 2506, Revised Code."

 Appellant's collateral attack of the board of zoning appeals' unchallenged final orders is barred by the doctrine of administrative *res judicata* and, therefore, is dismissed. In *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 31 OBR 463, 510 N.E.2d 373, the Supreme Court in its syllabus held: "The doctrine of *res judicata* applies to the decisions of a township board of zoning appeals relating to the grant or denial of variances pursuant to R.C. 519.14." The *Set Products* court further recognized that *res judicata* will not bar the "application for the modification or enlargement of an existing variance, or for lifting conditions previously imposed in connection with the grant of a variance, upon a proper showing of changed circumstances." However, this decision, *i.e.*, an application for modification to a board of zoning appeals, is an appealable order via R.C. Chapter 2506. Absent an appeal to the court of common pleas, the board's decision becomes a final judgment on the merits, erroneous or not, and is *res judicata* to identical future applications. *Set Products, supra.* In *Consumers' Counsel v. Pub. Util. Comm.* (1985), 16 Ohio St.3d 9, 10, 16 OBR 361, 362, 475 N.E.2d 782, 783–784, the Supreme Court stated: "In the interest of affording finality to the decisions of administrative bodies which are left unchallenged, we hereby determine that OCC lost its only opportunity to challenge [the Public Utilities Commission decision] * * *, when it failed to appeal or to request a rehearing of the previous order * * *. This court has held that where a valid final judgment has been rendered on the same issue between the same parties, that judgment is *res judicata* as to subsequent actions even if it was erroneous."

Appellant's second, third and fourth assignments of error are dismissed.

The injunction issued by the housing court is vacated.

*Judgment accordingly.*

NAHRA and FRANCIS E. SWEENEY, JJ., concur.