JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, appellant 1476 Davenport Limited Partnership ("Davenport") appeals the trial court's affirmance of the Cleveland Zoning Board's decision, which found that Davenport had violated the City of Cleveland's Building and Housing Code. Davenport assigns the following error for our review:
"I. The trial court erred in sustaining the decision of the Cleveland Board of Zoning Appeals holding that the issuance of the January 21, 2003 notice of violation was not arbitrary or capricious."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} Davenport is the owner of property located at 1613 Davenport Avenue, Cleveland, Ohio. On January 8, 2003, Jeff Clark, an inspector for the City of Cleveland Department of Building and Housing, inspected the property. Clark observed conditions that resulted in the issuance of a Notice of Violations and cited Davenport for twenty-one violations of the building and zoning code. The notice ordered Davenport to correct the violations on or before February 21, 2003.
 {¶ 4} Davenport appealed four of the violations to the Cleveland Board of Zoning Appeals ("Board"). The appealed violations consisted of: (1) having a damaged sign in violation of Cleveland Cod. Ord. § 350.18, (2) the parking lot failed to contain island strips in violation of Cleveland Cod. Ord. § 352.10(e), (3) parking lot maneuverability was not maintained in a clear manner in violation of Cleveland Cod. Ord. § 337.18, and (4) failure to provide wheel or bumper guards for accessory off-street parking spaces, in violation of Cleveland Cod. Ord. § 349.07(b).
 {¶ 5} The Board conducted a public hearing on the appeal of the four violations. As a result, the citation issued for failing to keep the parking lot in a maneuverable condition was dismissed. The Board, however, upheld the other three violations.
 {¶ 6} Davenport appealed the Board's decision to the Cuyahoga County Court of Common Pleas, which affirmed the Board's decision. The court found that, after reviewing the entire record, the decision of the Board was not "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."[1] Davenport appealed the matter to this court pursuant to R.C. 2506.04.
 {¶ 7} In its sole assigned error, Davenport contends the trial court erred in affirming the Board's decision.
 STANDARD OF REVIEW {¶ 8} Davenport brought its appeal pursuant to R.C. Chapter 2506.
 {¶ 9} In Henley v. Bd. of Zoning Appeals,[2] the Ohio Supreme Court explained the applicable standard of review as follows:
"We have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Smithv. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612, 1998
Ohio 340, 693 N.E.2d 219, * * *, citing Dudukovich v. Lorain Metro.Hous. Auth. (1979), 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113, * * *.
"`Our standard of review to be applied in an R.C. 2506.04 appeal is `more limited in scope.' Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 12 Ohio B. 26, 465 N.E.2d 848. `This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court.' Id. at fn. 4. `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' Lorain City School Dist.
 Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261,533 N.E.2d 264." Id. at 147." {¶ 10} Thus, our review requires that we affirm the trial court unless we find error as a matter of law. It is within this limited scope of review that we address Davenport's assigned error.
 FAILURE TO REPAIR SIGN {¶ 11} The City issued a notice to Davenport, citing it for a damaged sign in violation of Cleveland Cod. Ord. § 350.18. Cleveland Cod. Ord. § 350.18 requires that all signs be maintained in a safe condition and "shall not exhibit evidence of significant wear, deterioration or damage." Davenport's notice stated that "The sign is damaged. Replace facing with required copy" and ordered the repair completed by February 21, 2003.
 {¶ 12} At the hearing before the Board, Davenport did not dispute that the sign was damaged. Instead, Davenport presented evidence of its efforts to correct the violation. Evidently, Davenport had contracted to have the sign repaired after receiving notice of the violation. However, as of the hearing, the sign had still not been repaired. Based on this evidence, the Board denied Davenport's appeal regarding the violation of Cleveland Cod. Ord. § 350.18.
 {¶ 13} We conclude the trial court did not err by affirming the Board's decision. Davenport does not dispute that the sign was damaged, and as of the date of the hearing, the sign was still not repaired. Therefore, we conclude the trial court did not abuse its discretion in affirming the Board's decision regarding Davenport's failure to repair its sign.
 FAILURE TO CONSTRUCT ISLAND STRIPS {¶ 14} The City also cited Davenport for violating Cleveland Cod. Ord. § 352.10(e). Cleveland Cod. Ord. § 352.10(e) requires island strips for open off-street parking where there are over 100 spaces. Davenport was cited because its parking lot had approximately 400 parking spaces and did not have island strips.
 {¶ 15} At the Board hearing, Davenport did not dispute that it had 400 parking spaces in the lot. Instead, Davenport contended that Cleveland Cod. Ord. § 352.10(e) did not apply to its parking lot. According to Davenport, Cleveland Cod. Ord. § 352.10(e) is not triggered until one of the conditions set forth in Cleveland Cod. Ord. § 352.04 applies.
 {¶ 16} Cleveland Cod. Ord. § 352.04 governs landscaping plans and specifies four circumstances when a landscape plan must be submitted. It provides as follows:
"(a) For any use required to provide any Transition Strip, Frontage Strip, or Island Strip, a Landscape Plan shall be filed with an application for:
"(1) rezoning (map amendment); or
"(2) any use requiring approval by the Board of Zoning Appeals; or
"(3) any variance from landscaping or screening requirement; or
"(4) Building Permit or Certificate of Occupancy."
 {¶ 17} A review of the above language indicates that Cleveland Cod. Ord. § 352.04 sets forth the conditions when a "landscape plan" must be submitted. It does not govern when an island strip is required.
 {¶ 18} Cleveland Cod. Ord. § 352.10 governs the requirement regarding when island strips are necessary and states it is required when there is off-street parking with over 100 spaces. Davenport has "off-street" parking for over 400 vehicles. Therefore, pursuant to Cleveland Cod. Ord. § 352.10, island strips are required.
 {¶ 19} Moreover, Davenport had previously sought a variance for the construction of island strips as required by Cleveland Cod. Ord. § 352.10. The Board granted the variance regarding several island strips at this location, but Davenport was still required to construct four concrete islands and install bollards and chains as barriers. However, Davenport never constructed the four islands or installed the bollards and chains; therefore, the variance expired. Had the island strip requirements not applied to Davenport's parking lot, a variance would not have been necessary.
 {¶ 20} Thus, we conclude the trial court did not abuse its discretion by affirming the Board's decision regarding Davenport's violation of Cleveland Cod. Ord. § 352.10. The ordinance applies to parking lots with over 100 off-street parking spaces. Davenport does not dispute that it has approximately 400 parking spaces and that it had previously sought a variance from the requirement.
 FAILURE TO CONSTRUCT WHEEL OR BUMPER GUARDS {¶ 21} The City also cited Davenport for violating Cleveland Cod. Ord. § 349.07(b), which requires that all accessory off-street parking spaces shall be provided with wheel or bumper guards.
 {¶ 22} Davenport had previously been cited for this violation and appealed this same issue to the Board. The Board in the prior appeal upheld the violation notice citing Davenport for failure to provide the required wheel or bumper guards under Cleveland Cod. Ord. § 349.07(b). Davenport appealed the Board's decision to the court of common pleas; however, the appeal was dismissed for lack of prosecution.
 {¶ 23} We conclude that res judicata prevents Davenport from appealing this issue again. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[3] Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. Moreover, the doctrine of res judicata prohibits a collateral attack on an otherwise final judgment.[4]
 {¶ 24} Res judicata applies to actions before an administrative body, where there has been no appeal made under R.C. 2506.01.[5] "Absent an appeal to the court of common pleas, the board's decision becomes a final judgment on the merits, erroneous or not, and is res judicata to identical future applications."[6]
 {¶ 25} Davenport was previously cited for failure to have bumper or wheel guards in violation of Cleveland Cod. Ord. § 349.07(b). This is the same violation at issue in the instant case. The Board upheld the notice of violation, and Davenport failed to successfully appeal the holding to the court of common pleas. Davenport cannot now attempt to relitigate the matter. Therefore, we conclude the trial court did not abuse its discretion by affirming the Board's decision.
 {¶ 26} We note at oral argument, Davenport's counsel argued that pursuant to Grava v. Parkman[7] there is an exception to the bar of res judicata when an incorrect legal analysis is applied to a denial of a variance. Our reading of Grava does not indicate such an exception exists. Accordingly, Davenport's assigned error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Rocco, J., Concur.
[1] Journal Entry, December 30, 2004.
[2] (2000), 90 Ohio St.3d 142, 147, 2000-Ohio-493.
[3] State ex rel. Denton v. Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861, at P14, quoting Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.
[4] Southridge Civic Assn. v. Parma, Cuyahoga App. No. 80230, 2002-Ohio-2748.
[5] Wade v. City of Cleveland (1982), 8 Ohio App.3d 176, 177.
[6] City of Cleveland v. Sun Oil Co. (1982), 62 Ohio App.3d 732,736.
[7] Supra.