OPINION
{¶ 1} This is an appeal from a decision of the Common Pleas Court of Knox County which reversed a denial of the Howard Township Board of Zoning Appeals as to Appellee's request for a conditional use permit.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee is the operator of a sand and gravel business and owns 63.279 acres, of which 41.875 acres are in Howard Township and 21.404 acres in adjoining Harrison Township, both Townships being in Knox County, Ohio.
 {¶ 3} Appellee had obtained a conditional use permit from the zoning authorities in Harrison Township to mine for sand and gravel and applied to the Board of Zoning Appeals of Appellant, Howard Township ("BZA") for a similar conditional use permit.
 {¶ 4} After a hearing, at which cross examination was not allowed nor were the parties under oath, the BZA denied the conditional use permit. An appeal was taken to the Court of Common Pleas.
 {¶ 5} The transcript of the BZA hearing was defective and, on motion, the court heard additional evidence after which it reversed the decision of the BZA.
 {¶ 6} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 7} "I. THE TRIAL COURT ERRED BY REVERSING THE HOWARD TOWNSHIP BOARD OF ZONING APPEALS' DECISION TO DENY APPELLEE, SMALL'S SAND GRAVEL'S APPLICATION FOR A CONDITIONAL USE PERMIT WHEN APPELLEE DID NOT PRODUCE SUFFICIENT EVIDENCE TO SATISFY ITS BURDEN OF PROOF THAT THE CONDITIONAL USE PERMIT SHOULD BE GRANTED."
 I. {¶ 8} Revised Code 2506.03 governs the courts relative to administrative appeals. It states:
 {¶ 9} "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 {¶ 10} "(1) The transcript does not contain a report of all evidence admitted or profferred [sic.] by the appellant;
 {¶ 11} "(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
 {¶ 12} "(a) Present his position, arguments, and contentions;
 {¶ 13} "(b) Offer and examine witnesses and present evidence in support;
 {¶ 14} "(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;
 {¶ 15} "(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;
 {¶ 16} "(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
 {¶ 17} "(3) The testimony adduced was not given under oath;
 {¶ 18} "(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;
 {¶ 19} "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.
 {¶ 20} "If any circumstance described in divisions (A) (1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."
 {¶ 21} Therefore, several of the subsections were applicable.
 {¶ 22} The applicable statute governing the review by the common pleas court is R.C. § 2506.04 which states:
 {¶ 23} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
 {¶ 24} The standard of review applicable to the common pleas court in considering the available evidence from the transcript and additional evidence received has been stated by the Eighth District in Davenport Ltd. Partnership v. City of ClevelandBoard of Zoning Appeals, (Jul 21, 2005), 8 Dist. App. #85872,2005-Ohio-3731:
 {¶ 25} "We have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Smith v.Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612,1998 Ohio 340, 693 N.E.2d 219, *, citing Dudukovich v. LorainMetro. Hous. Auth. (1979), 58 Ohio St.2d 202, 206-207,389 N.E.2d 1113, * * *.
 {¶ 26} "`Our standard of review to be applied in an R.C.2506.04 appeal is `more limited in scope.' Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34, 12 Ohio B. 26, 12 Ohio St.3d 30,465 N.E.2d 848. `This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court.' Id. at fn. 4. `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' Lorain City SchoolDist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261, 533 N.E.2d 264." Id. at 147, 533 N.E.2d 264.'
 {¶ 27} "Thus, our review requires that we affirm the trial court unless we find error as a matter of law. . . ."
 {¶ 28} The standard of review applicable to a court of appeals was also succinctly stated in a similar manner in Pricev. Margaretta Township Board of Zoning Appeals, (April 15, 2005), 6 Dist. App. No. E-04-023, 2005-Ohio-1778.
 {¶ 29} The "phrase questions of law" in statute defining scope of review of Court of Appeals in a zoning matter includes abuse of discretion by the common pleas court. R.C. § 2506.01 et seq., 2506.04. Kisil v. City of Sandusky (1981),12 Ohio St.3d 30.
 {¶ 30} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 31} It is correct to state that common pleas court must give due deference to the decision of the BZA and presume its validity. Adelman Real Estate Company v. Gabinic, (1996),109 Ohio App.3d 689, Heiney v. Sylvania Township Board of ZoningAppeals (1998), 126 Ohio App.3d 391.
 {¶ 32} However, in this case the court was required to consider not only the available transcript portions of the BZA but also the sworn testimony received in the hearing before it to determine if the decision of the BZA was supported by a preponderance of reliable, probative and substantial evidence.Dudukovich v. Lorain Metrpolitan Housing Authority (1979),58 Ohio St.2d 202.
 {¶ 33} In the case sub judice, the court found the decision of the BZA to be lacking in such degree of proof with consideration of the additional evidence presented and the court's review of credibility of such additional testimony.
 {¶ 34} In reviewing the testimony before the BZA and that presented to the court in order for this court to determine if reliable, probative and substantial evidence was presented, we must review the issues and the testimony thereon, without, however, considering the credibility or lack thereof of the witnesses.
 {¶ 35} Revised Code § 519.02, being the enabling statute in effect at the time of Appellee's application provided:
 {¶ 36} "Township trustees may regulate building and land use in unincorporated territory for public purpose.
 {¶ 37} "Except as otherwise provided in this section, in the interest of the public health and safety, the board of township trustees may regulate by resolution, in accordance with a comprehensive plan, the location, height, bulk, number of stories, and size of buildings and other structures, including tents, cabins, and trailer coaches, percentages of lot areas that may be occupied, set back building lines, sizes of yards, courts, and other open spaces, the density of population, the uses of buildings and other structures, including tents, cabins, and trailer coaches, and the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of the township. Except as otherwise provided in this section, in the interest of the public convenience, comfort, prosperity, or general welfare, the board by resolution, in accordance with a comprehensive plan, may regulate the location of, set back lines for, and the uses of buildings and other structures, including tents, cabins, and trailer coaches, and the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of the township, and may establish reasonable landscaping standards and architectural standards excluding exterior building materials in the unincorporated territory of the township. Except as otherwise provided in this section, in the interest of the public convenience, comfort, prosperity, or general welfare, the board may regulate by resolution, in accordance with a comprehensive plan, for nonresidential property only, the height, bulk, number of stories, and size of buildings and other structures, including tents, cabins, and trailer coaches, percentages of lot areas that may be occupied, sizes of yards, courts, and other open spaces, and the density of population in the unincorporated territory of the township. For all these purposes, the board may divide all or any part of the unincorporated territory of the township into districts or zones of such number, shape, and area as the board determines. All such regulations shall be uniform for each class or kind of building or other structure or use throughout any district or zone, but the regulations in one district or zone may differ from those in other districts or zones."
 {¶ 38} The combined testimony presented to the BZA and the court consisted of neighbors opposed to the position of Appellee's requested conditional use permit and certain persons who had either experience or some form of expertise.
 {¶ 39} John Hunt, Superintendent of the Knox County Water and Waste Water Department, was concerned as to possible contamination, particularly from fuel spills.
 {¶ 40} He acknowledged that he was not an expert on hydrology (Tr. 101).
 {¶ 41} Shara Dine was qualified as an environmental expert as to air, water, waste and mining and provided an opinion as to no danger from Appellee's mining activities to health or environment.
 {¶ 42} Jeff Dine, an expert at the same consulting firm, found no recordable contaminate samples at the site of Appellee's present operations. (Tr. 54-55).
 {¶ 43} Mark Rowland, an expert at the environmental division of the firm of Burgess Niple reviewed similar operations at various Ohio cities, the quality of aquifers in Knox County, the EPA protection plan in place and opined as to no reasonable danger to the water supply to the area under consideration. (Tr. 57-76).
 {¶ 44} Ernest Williams, a geologist on behalf of Appellant, only speculated as to contamination from the mining (Tr. 137), but was concerned that irresponsible persons in the future might deposit junk cars and other contaminating articles in the water area created by Appellee's mining.
 {¶ 45} Mr. Kiracofe provided hearsay testimony (Tr. 156-157) and was concerned as to economic effect.
 {¶ 46} Radha Ayalasomayjula, an economics and environmental expert also testified on potential economic effect but based this on the Miami River Valley and not on studies of the area in question (Tr. 166).
 {¶ 47} David Gore, Johanna Hupp-Clark and Eric Helt (a member of the zoning commission) provided no substantive testimony.
 {¶ 48} We therefore must conclude that no abuse of discretion occurred when the court found that reliable, probative and substantial evidence did not support the BZA decision.
 {¶ 49} As our review of the issues is limited in scope, we must affirm the judgment rendered, reject the Assignment of Error and affirm the cause at Appellant's costs.
Boggins, J. Wise, P.J. and Hoffman, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.